FILED

2025 Nov-05  AM 11:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

**KRISTI N. WILLIAMS,**
    Plaintiff,

**v.**

**CINDY NORRIS,
et al.,**
    Defendants.

**Case No. 4:25-cv-1073-CLM**

## MEMORANDUM OPINION

Kristi N. Williams sues her sister, multiple DHR officials, and others to (a) regain custody of her daughter, (b) receive money damages, and (c) launch a federal investigation into the Cherokee County DHR. (Doc. 1). Williams also moves for leave to proceed in forma pauperis ("IFP") (doc. 2) and for the court to appoint her counsel (doc. 6).

When a plaintiff files an IFP motion, this court must screen the complaint to determine whether the case "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). And this court has twice denied Williams' request for entry of a temporary restraining order finding that her claims were subject to dismissal on *Younger* abstention grounds. (*See* Docs. 7 & 9). Thus, for the reasons stated within, the court (1) **GRANTS** Williams' IFP motion to the extent that Williams need not pay the filing fee (doc. 2); (2) **DENIES** Williams' motion for appointment of counsel (doc. 6); and (3) **DISMISSES** this case **WITHOUT PREJUDICE** under *Younger v. Harris*, 401 U.S. 37 (1971).

### I.    IFP Status

In her motion to proceed IFP, Williams asserts that she is not employed and has earned only $11,200 in the past 12 months. (Doc. 2, pp. 1–2). The court finds that these allegations of poverty entitle Williams to commence this action without prepayment of fees, costs, or security. So the court will **GRANT** Williams' motion to proceed IFP (doc. 2).

## II.   *Younger* Abstention

Because Williams is proceeding IFP, her complaint is subject to review under 28 U.S.C. § 1915(e). And this court may sua sponte dismiss a complaint on *Younger* abstention grounds when screening a complaint under § 1915(e). *See Lagi v. Morris*, 2017 WL 11779490, at *1–2 (11th Cir. Jan. 31, 2017).

As explained in the court's orders denying Williams' motions for a TRO, Williams asks the court to order DHR to give Williams her daughter and to essentially leave them alone, for good. That order would necessarily disrupt— if not outright decide—the ongoing custody proceeding between Williams and DHR / Chestnut that Williams says is pending in the Cherokee County Juvenile Court.

While federal district courts *can* interfere with state proceedings if we have jurisdiction, comity between the state and national governments warrants that we defer to pending state court proceedings about important state court issues. *See, e.g., Younger v. Harris*, 401 U.S. 37 (1971); *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982).

The Supreme Court has devised a three-part test to determine whether federal courts should abstain from interfering with state court proceedings:

1.  Is there an ongoing state court proceeding?

2.  Do those proceedings implicate important state interests?

3.  Can the federal plaintiff raise her constitutional challenges in the state court proceedings?

*Middlesex*, 457 U.S. at 432.

Considering each of these factors, the court finds that abstention is warranted here. First, Williams' complaint and evidence establishes that there is "an open dependency case" in Cherokee County state court. (Doc. 1-1, p. 2). Second, protecting minor children is an important state interest. Third, Williams has not shown or alleged that the state court trial and appellate judges will not decide the constitutional issues she raises here. Instead, Williams' latest filing suggests that she has recently raised many of the same constitutional arguments in Cherokee County Circuit Court. (*See* Doc. 10).

Williams has also failed to show that any exception to *Younger* abstention applies. Those exceptions apply when (1) there is evidence the state proceedings are motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised. *See Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004). As explained, Williams has failed to show that the state courts will not be able to address the constitutional claims that she raises here. Thus, she has also not established that abstention would cause irreparable injury or that that is no adequate alternative state forum in which her constitutional issues can be raised. Plus, Williams has failed to show that the state dependency proceedings are motivated by bad faith. Instead, it appears that DHR instituted those proceedings based on information it received from Williams' sister (which Williams contends was false) and because Williams failed several drug screens. The court thus finds that application of the *Younger* abstention doctrine is appropriate here. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1281-82 (11th Cir. 2003) (affirming district court's abstention from deciding child dependency issues that were pending before a Florida state court). As a result, the court will enter a separate order **dismissing** Williams' claims **without prejudice** under *Younger*.

## III.   Notice of Removal

Williams has also filed a notice of removal, which purports to remove the state court juvenile dependency proceedings to this court. (*See* Doc. 11). But a defendant can only remove a state court action to federal court if that action "originally could have been filed in federal court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). It cannot be removed to federal court "on the basis of a federal defense," including Williams' claims that her constitutional rights have been violated by the state court proceedings. *See id.* at 393. And Williams doesn't explain how the juvenile dependency proceedings could have been filed in federal court. Nor does the court expect Williams could make this showing as Alabama's juvenile courts have "exclusive original jurisdiction" over dependency actions. *See* Ala. Code § 12-15-114(a) and (c). As a result, Williams' notice of removal fails to invoke this court's subject matter jurisdiction under 28 U.S.C. § 1331 and is thus ineffective.

## IV.  Appointment of Counsel

The court finally turns to Williams' motion for appointment of counsel (doc. 6). There is no constitutional right to counsel in a civil case. *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). And the court "should appoint counsel only in exceptional circumstances." *Id.* "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *Kilgro v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).

Having reviewed the record, the court finds that the issues Williams raises aren't so novel or complex as to warrant the appointment of counsel. So the court will **DENY** Williams' motion to appoint counsel (doc. 6).

### CONCLUSION

For these reasons, the court **GRANTS** Williams' IFP motion to the extent that Williams need not pay the filing fee (doc. 2); **DENIES** Williams' motion for appointment of counsel (doc. 6); and **DISMISSES** this case **WITHOUT PREJUDICE** on *Younger* abstention grounds. The court will enter a separate final order that carries out this ruling and closes this case.

**Done** and **Ordered** on November 5, 2025.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE